UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DANIEL DEL CID MORALES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. CV 15-2189 SJO(JC)<br><br>ORDER (1) CONSTRUING PETITION AS 28 U.S.C. § 2255 MOTION; AND (2) DISMISSING ACTION WITHOUT PREJUDICE |

## I. SUMMARY

On March 24, 2015, petitioner Juan Daniel Del Cid Morales, a federal inmate proceeding *pro se*, who is in the custody in the Central District of California, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody ("Petition"). Petitioner challenges a 2008 conviction in the United States District Court for the District of Columbia. (Petition at 2).

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, this Court construes the Petition to be a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") and dismisses the Petition and this action without prejudice because the Court lacks jurisdiction.

## II.     BACKGROUND[1]

On November 9, 2007, a federal jury in the D.C. District Court Case convicted petitioner of the offense of conspiracy to import five kilograms or more of a mixture or substance containing a detectable amount of cocaine into the United States and to manufacture and distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, intending or knowing that such cocaine would be unlawfully imported into the United States. On May 8, 2008, the D.C. District Court sentenced petitioner to a total of 220 months imprisonment.

On May 18, 2008, petitioner filed a Notice of Appeal in the First D.C. Circuit Case. On October 5, 2010, the D.C. Circuit affirmed the judgment. The mandate issued on December 28, 2010. On March 16, 2011, petitioner filed a petition for writ of certiorari in the Supreme Court Case. On April 18, 2011, the United States Supreme Court denied such petition.

On February 28, 2011, petitioner filed a "Petition for Habeas Relief under 28 U.S.C. § 2255 on Motion to Set Aside, Vacate or Correct Sentence" in the D.C. District Court. ("D.C. Section 2255 Motion"). On March 28, 2011, the D.C. District Court denied the D.C. Section 2255 Motion ("March 2011 Order"). On April 15, 2013, petitioner filed a motion asking the D.C. District Court to disregard the D.C. Section 2255 Motion and to permit him to file another "2255 Motion." On April 22, 2013, the D.C. District Court denied such motion, but explained the circumstances under which petitioner could file a "second or successive" 2255

---

[1] Unless otherwise indicated, the facts in this section are derived from court records in the District Court for the District of Columbia ("D.C. District Court") in Case No. 1:06-cr-00248-JDB-4 ("D.C. District Court Case"), the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") in Case Nos. 08-3038 ("First D.C. Circuit Case") and 13-3064 ("Second D.C. Circuit Case"), and United States Supreme Court Case No. 10-9595 ("Supreme Court Case"), of which this Court takes judicial notice. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of court records).

motion. On May 3, 2013, petitioner filed a motion to vacate the March 2011 Order and to allow him to file an amended Section 2255 Motion. On May 7, 2013, the D.C. District Court denied such motion.

In July 2013, petitioner filed a Notice of Appeal in the Second D.C. Circuit Case, assertedly seeking to appeal the sentence imposed in the D.C. District Court Case. On March 25, 2014, the D.C. Circuit construed such Notice of Appeal as a petition for leave to file a successive motion under Section 2255 and denied it.

On March 24, 2015, petitioner filed the instant Petition, again challenging his conviction in the D.C. District Court Case.

## III. DISCUSSION

A federal inmate's petition to challenge the legality of his conviction and sentence must generally be filed under Section 2255 in the district in which he was convicted and sentenced, whereas a petition to challenge the manner, location, or conditions of the execution of the sentence must be brought under 28 U.S.C. § 2241 ("Section 2241") in the custodial district. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). A federal prisoner may file a habeas corpus petition pursuant to Section 2241 to contest the legality of his conviction or sentence only where his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention" – an exception which the Ninth Circuit has called the "escape hatch." Id.; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007). Such exception is narrow. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003), cert. denied, 540 U.S. 1051 (2003). Section 2255's remedy is not "inadequate or ineffective" merely because of Section 2255's gatekeeping provisions. Id. (citation omitted).

Here, petitioner raises what he frames as two claims: (1) he "is actually innocent because he was wrongfully charged with crimes he allegedly committed in another sovereign nation by Laws of Nations"; and (2) he "is factually innocent because there was no crime applicable to him under the United States Congress'

3

1  Offense Clause in another sovereignty." (Petition at 3). Despite the manner in
2  which petitioner characterizes his claims, he quintessentially challenges the legality
3  of his conviction as he elsewhere acknowledge in the Petition. (Petition at 2).
4  Accordingly, his claims must be considered under Section 2255 unless his remedy
5  under Section 2255 is "inadequate or ineffective to test the legality of his
6  detention." Petitioner fails to so demonstrate. See Jeffers v. Chandler, 253 F.3d
7  827, 830 (5th Cir.) (burden of coming forward with evidence to show inadequacy
8  or ineffectiveness of section 2255 remedy rests squarely on petitioner), cert.
9  denied, 534 U.S. 1001 (2001).

10  Petitioner asserts "[b]ecause of the facts that are involved," his claims "are
11  not cognizable via a 2255 motion, due to the fact that what [he] is challenging is
12  the conditions of how and why [his] sentence is set up in such a way that was
13  applied by an actually innocent foreign citizen and also the fact that [he] is
14  claiming to be factually innocent as well." (Petition at 3). The Ninth Circuit has
15  held that a Section 2241 petition is available under the "escape hatch" when a
16  petitioner (1) makes a claim of actual innocence, and (2) has not had an
17  "unobstructed procedural shot" at presenting that claim. Stephens, 464 F.3d at 898
18  (citations omitted). In order to make a claim of actual innocence for purposes of
19  the "escape hatch," a petitioner must demonstrate that, in light of all the evidence,
20  it is more likely than not that no reasonable juror would have convicted him. Id.
21  (citation and quotations omitted). Petitioner falls wells short of meeting that
22  standard here. Indeed, his claims appear to be predicated on arguable legal
23  technicalities as opposed to factual innocence. Further, petitioner fails to
24  demonstrate that he has not had an unobstructed procedural shot at presenting such
25  claims.

26  Because petitioner challenges a federal conviction and there has been no
27  showing that the remedy under Section 2255 is inadequate or ineffective, the Court
28  construes the Petition to be a motion arising under Section 2255 ("Section 2255

Motion"). This Court, however, does not have jurisdiction to consider petitioner's Section 2255 Motion because it must be brought in the district in which he was convicted. Hernandez, 204 F.3d at 865. Accordingly, the Petition/Section 2255 Motion either must be dismissed or transferred to the D.C. District Court where petitioner was convicted and sentenced. As noted above, petitioner has already filed a Section 2255 motion in the D.C. District Court challenging the same conviction, which such court denied. The present Petition/Section 2255 motion is thus successive, and cannot be entertained by the D.C. District Court unless and until authorized by the appropriate Court of Appeals, *i.e.*, the D.C. Circuit – which court, as noted above, has previously denied petitioner leave to file a second or successive Section 2255 motion. See 28 U.S.C. §§ 2244(a), 2244(b)(3), 2255(h). It would thus be futile to transfer this action to the D.C. District Court for consideration as a Section 2255 motion. Therefore, the Court dismisses the Petition/Section 2255 motion without prejudice for lack of jurisdiction. Petitioner's remedy is to again apply to the D.C. Circuit for leave to file a successive Section 2255 motion.

## IV.  ORDERS

IT IS THEREFORE ORDERED:

1. The Petition is construed as a motion arising under Section 2255.
2. The Petition/Section 2255 Motion is dismissed without prejudice for lack of jurisdiction.
3. The Clerk is directed to enter Judgment accordingly.

IT IS SO ORDERED.

DATED: March 31, 2015.

*S. James Otero*

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE